1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

11
12
13
14
15  MARIA FERREYRA,                          ) ED CV 13-2179-SH
                                             )
16                                           ) MEMORANDUM DECISION
                      Plaintiff,             ) AND ORDER
17         v.                                )
                                             )
18  CAROLYN W. COLVIN, Commissioner,         )
    Social Security Administration,          )
19                                           )
                      Defendant.             )
20  _____ )

21         This matter is before the Court for review of the decision by the

22  Commissioner of Social Security granting a partially favorable Decision for

23  Plaintiff's application for Social Security Disability Insurance (SSDI) benefits.

24  Pursuant to 28 U.S.C § 636(c), the parties have consented that the case be

25  handled by the undersigned.  The action arises under 42 U.S.C § 405(g), which

26  authorizes the Court to enter judgment upon the pleadings and transcript of the

27  record before the Commissioner. The plaintiff and the defendant have filed their

28  pleadings (Brief with Points and Authorities in Support of Plaintiff's Complaint;

Defendant's Brief); and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On November 23, 2010, plaintiff Maria Alejandra Ferreyra filed an application for SSDI, with an alleged onset date of disability of April 16, 2009 due to mood disorder and anxiety disorder. (Administrative Record ["AR"] 13, 127). The SSDI application was denied initially on March 8, 2011 and upon reconsideration on June 10, 2011. (AR 56, 63). On July 13, 2012, an Administrative Law Judge ("ALJ") issued a partially favorable decision. The ALJ determined that plaintiff has severe impairments—"mood disorder and anxiety disorder"—but found that plaintiff was only disabled from April 16, 2009 through August 24, 2010. (AR 13).

Following the Appeals Council's denial of Plaintiff's request for a review of the hearing decision, Plaintiff filed this action in the Court. (AR 1-5).

Plaintiff makes two challenges to the Decision. Plaintiff alleges the ALJ erred in (1) holding that Plaintiff's disability ended on August 24, 2010, and (2) holding that Plaintiff's carpal tunnel syndrome is non-severe impairment.

## I. DISCUSSION

### ISSUE NO. 1:

Plaintiff asserts that the ALJ erred in finding that the plaintiff's disability ended on August 24, 2010. Defendant argues that the ALJ did not err in finding that the disability ended on August 24, 2010 because the disability was no longer severe.

From April 16, 2009 to August 24, 2010 plaintiff was awarded benefits for her mood disorder and anxiety disorder because they were deemed to be severe enough to meet listing 12.04. (AR 13, 15).  According to the ALJ's decision, the "medical improvement occurred as of August 25, 2010…" (AR 17). The ALJ

2

1 then concluded that as of August 25, 2010, the plaintiff no longer had a severe

2 impairment or combination of impairments. (Id.)

3    Plaintiff bears the burden of showing that "[s]he has a medically severe

4 impairment or a combination of impairments." Bowen v. Yuckert, 482 U.S 137,

5 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987).  She also bears the burden of proving

6 that the ALJ's decision was irrational. See Molina v. Astrue, 674 F.3d 1104,

7 1111 (9th Cir. 2012); Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.

8 2005)("If the record would support more than one rational interpretation, we

9 defer to the ALJ's decision."). In this case, Plaintiff did not meet this burden.

10 Plaintiff failed to show support in the medical records or opinion evidence, failed

11 to show that she was a credible witness and failed to prove her continuing

12 disability.

13    After reviewing the records, the ALJ found that there was no severe

14 mental impairment limiting Plaintiff's functioning beginning August 25, 2010.

15 The ALJ noted that Plaintiff's treating physician, Priya Malik, M.D., stated that

16 the Plaintiff's "depression [was] better" and that Plaintiff was starting a nursing

17 program to becomes a certified nurse assistant, with plans to become a registered

18 nurse. (AR 18, 190). Then, at Plaintiff's next appointment on September 2, 2010,

19 Plaintiff had no psychiatric complaints. (AR 18, 188). Similarly, Plaintiff did not

20 have any complaints for her doctor, Syam P. Kuman, M.D. ("Dr. Kuman") and

21 the doctor noted that Plaintiff was "doing well". (AR 208). Specifically, Dr.

22 Kuman found that Plaintiff had no suicidal or homicidal ideation, no risk of self-

23 injury, no side effects to her medication, and continued her on her current

24 medications. (Id.). The ALJ relied on these notes to support his conclusion that "

25 the claimant's level of functioning has increased and would continue to improve,

26 with medication compliance". (AR 18). See Tidwell v. Apfel, 161 F.3d 599, 601

27 (9th Cir. 1998).

28

The state agency medical consultant opinions also confirmed the findings of the treating physicians. They stated that Plaintiff's depression was stable and therefore Plaintiff's mental impairments were not severe. (AR 223, 236, 240). The ALJ drew "logically flowing" opinions from the evidence to determine that the Plaintiff's mental limitations were not severe. See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996). Therefore, Plaintiff was deemed by the ALJ to have no functional limitations in four categories: activities of daily living; social function; concentration, persistence or pace; and episodes of decomposition. 20 C.F.R § 404.1520a.

The ALJ's statement that there was no evidence of ongoing treatment in 2010 was a harmless error. Dr. Song did lower the dosage level for Plaintiff's Wellbutrin in March of 2011 but noted in April of 2011 that the medication adjust was helpful in alleviating the jittery nervousness the Plaintiff had been feeling. (AR 285, 295-296). The medical records contain no mention of Plaintiff's mental impairment, and therefore these notes do not undermine the ALJ's determination that Plaintiff's mental impairment was not severe after August 24, 2010. ( AR 29-30, 186-187).  Also, Dr. Song merely recorded the Plaintiff's subjective complaints, which means the exclusion does not constitute error. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005).

Secondly, substantial evidence supports the ALJ's credibility determination, which in turn, supports his non-severity finding. The ALJ observed through medical records and physician opinions that most of Plaintiff's complaints were subjective, as they were not supported by objective evidence. Specifically, the ALJ noted that " the limited records show mostly routine office visits and the finding from these visits does not support a conclusion that the [physical] conditions would have more than a minimal effect on the claimant's ability to perform basic works activities. No aggressive treatment was recommended or anticipated for these conditions." (AR 15).

Also, the ALJ discredited the Plaintiff's credibility based on Plaintiff's list of daily activities. The ALJ stated that Plaintiff "described activities of daily living[] which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. For example, she reported she [could] care [] for her daughter, [perform] daily household chores, drive, go out alone, shop in stores, and handle funds independently." (AR 18, 178-185). Also, the ALJ noted that despite the Plaintiff allegedly being debilitating disabled, Plaintiff had enrolled and completed a course to become a certified nursing assistant. (AR 18, 34, 190). As the ALJ observed, the Plaintiff was able to engage in a high level of self-help, which suggests that her mental impairment did not restrict her as much as she stated. (AR 18). Therefore, the ALJ properly discredited Plaintiff's credibility.

Finally, the plaintiff fails to meet her burden of proof to show the continuation of her alleged severe disability past August 24, 2010. Plaintiff contends that her condition was still severe beyond August 24, 2010 because her doctor continued to prescribe and adjust the dosage of her medication. (Plaintiff's Brief ["PB"] 5-6). This argument is unavailing because "impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits." Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff argues that when she complained of her heightened symptoms, Dr. Song successfully addressed the problem by reducing her dosage of Wellbutrin and that shows she was still disabled. (AR 285, 295-296). What this shows is that Plaintiff's mental impairment was not disabling because it can be controlled by medication that helps Plaintiff.

The only other evidence that Plaintiff relies on is her own testimony. This evidence is unpersuasive if it is based on subjective statements alone. See 42 U.S.C § 423 (d)(5)(A)("An individual's statement as to pain or other symptoms

shall not alone be conclusive evidence of disability."). Even if the ALJ has found Plaintiff's mental impairment to be severe after August 24, 2010, there is no evidence, and Plaintiff offered none, to suggest that the ALJ's ultimate non-disability finding would be different.

**ISSUE NO. 2:**

Plaintiff contends that the ALJ erred in finding that Plaintiff's carpal tunnel syndrome is non-severe impairment. Defendant states that ALJ did not err.

For a physical impairment to be considered severe, it must significantly limit a claimant's ability to perform basic work activities. 20 C.F.R § 404.1521. The mere diagnosis of carpal tunnel syndrome without evidence or accompanying functional limitation does not render it severe. 20 C.F.R §§ 404.1520a(c)(3) & 404.1520a(d)(1).  Plaintiff also carries the burden of showing that she has a severe impairment and that the ALJ's decision was irrational. See Bowen, 482 U.S. at 146 n. 5; Molina, 674 F.3d at 111; Bayliss, 427 F.3d at 1214, n.1.

As the ALJ pointed out there is no "evidence in the records to show that the claimant's use of upper extremities was compromised." (AR 14). Further, Plaintiff's doctor only recommended conservative treatment for her carpal tunnel syndrome. This included one round of Kenalog injections, wrist splints and no surgical treatment.[1] (AR 14, 283).  The wrist splints were reported by the Plaintiff to be helpful in alleviating her symptoms. (AR 283). The conservative treatments illustrate that the impairment was not significantly limiting. There was no evidence that Plaintiff experienced functional limitations as a result of her condition, and Plaintiff's doctor did not consider the condition serious enough to

---

[1] The Kenalog injections that Plaintiff received were not to treat her tunnel carpal syndrome. They were for the treatment of lateral epicondylitis, i.e. tennis elbow. (AR 283). Plaintiff also states that the medical records end before she could talk to an orthopaedist about surgery. Ten months after the last progress note by the surgeon, surgery was not determined to be necessary. (AR 31-32).

6

recommend anything other than conservative treatment, which improved her symptoms.

Additionally, because substantial evidence supports the ALJ's decision, the ALJ's error in characterizing Plaintiff's carpal tunnel syndrome as mild on both sides is harmless. See Molina, 674 F.3d at 1115. Plaintiff's subjective complaints of numbness and tingling are complaints that are characteristics of an individual with a diagnosis of carpal tunnel syndrome. Therefore, the ALJ was correct in dismissing plaintiff's subjective complaints and relying on the doctor's recommendation for conservative treatment and Plaintiff's lack of functional limitations to conclude that her carpal tunnel syndrome was not severe.

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED: July 21, 2014

_____
STEPHEN J. HILLMAN
United States Magistrate Judge